WILLIAM RUSSELL *v.* THE MAYOR, ALDERMEN, AND COMMON-
ALTY OF NEW YORK.

Section 6 of the Laws of 1860, ch. 379, requiring the plaintiff in all actions
against the Corporation of New York city to allege in his complaint a pre-
sentment of his claim to the Comptroller, and the refusal of the latter to pay
or adjust the same,—is not restricted, in its application, to any particular
class of cases.

A complaint omitting such an allegation cannot be upheld on the ground
that the claim, *e. g.*, for damages sustained by falling into a hole in the side-
walk, was not of such a character as the comptroller would have been author-
ized to adjust, had it been presented to him.

In an action against the city corporation, the defendants set up in their an-
swer as a distinct ground of defence, the fact that the complaint did not
contain the allegation of a presentment of demand to the comptroller, as
required by statute. On the trial, the defendant moved to dismiss the com-
plaint on the ground of such omission,—*Held*, that the motion should have
been granted.

The fact that the judge denied the motion, and permitted the case to go to the
Jury, who rendered a verdict in the plaintiff's favor, cannot help him, he hav-
ing acquired no additional rights by the erroneous decision of the Judge.

*It seems* that as the provision of the statute, requiring the plaintiff to allege
presentment of claim, &c., to the comptroller, is for the benefit of the cor-
poration, they may waive an omission of such allegation, and a failure to take
advantage of such an omission by their answer, will be regarded as an
express waiver.

APPEAL by the defendants from a judgment entered on the
verdict of a jury at Trial term.

The plaintiff sued the defendants, to recover the sum of fif-
teen hundred dollars damages, for injuries, which he alleged
he sustained from falling into the coal or vault hole,
opposite premises No. 129 Prince Street, in the city of
New York. The complaint did not contain any allegation of
presentment of demand to the Comptroller, as required by the
Act of April 14, 1860. On the trial of the action, at the close
of the plaintiff's testimony, there being no evidence of any
presentment of the claim to the Comptroller of the city of New
York, for adjustment, the defendants' counsel moved for a non-

.suit, on the ground that it did not appear by the complaint, nor by the evidence, that the plaintiff had complied with the provision of the Act of 14th April, 1860; the Court denied the motion, holding, for the purposes of the trial, that it was not necessary to present claims of this character to the Comptroller. On the 11th day of June, 1862, the trial was concluded, and resulted in a verdict for the plaintiff for thirty dollars.

The defendants appealed to the General Term.

*H. H. Anderson*, for appellants.
*A. K. Hadley* and *Edward Browne*, for respondent.

I. The subject matter of this action is not within the purview of the Statute of 1860. The Statute in question could only have reference to "claims" in the settlement whereof the Comptroller has jurisdiction. The Comptroller has no power or jurisdiction except such as is conferred by § 14 of article 2, chap. 3, of the Revised Ordinances of New York, entitled "of the Department of Finance." (See Corporation Ordinances, revised in 1859, p. 57.)

II. The language of the Act of 1860 is peculiar; prescribing, not what claims should be presented to the Comptroller, but the *time* which should elapse after such presentation before action brought; evincing no intention to enlarge the sphere of the Comptroller's action, or to restrict the rights of parties to prosecute their claims in all matters not cognizable by the Comptroller.

By the Court.—Hilton, J.—The second section of the "Act relating to actions, legal proceedings, and claims against the Mayor, Aldermen, and Commonalty of the City of New York," passed April 14, 1860, declares that " no action or special proceeding shall be prosecuted or maintained against the said the Mayor, Aldermen, &c. of New York, unless it shall appear by and as an allegation in the complaint or necessary moving papers, that at least twenty days have elapsed since the claim or claims upon which said action or special proceeding is founded were presented to the Comptroller of said city for adjustment, and not then unless it shall further appear by and as an additional allegation in the said complaint, that upon a second

demand in writing being made upon the said Comptroller after the expiration of said twenty days, the said Comptroller neglected and refused to make an adjustment or payment thereof. If the plaintiff recover judgment in his action or in his special proceeding, he shall recover full taxable costs without regard to the amount of judgment."—Thus in effect providing a new or additional rule of pleading in all actions against the defendants, and requiring the plaintiff in his complaint, in addition to stating his cause of action, to allege, and if controverted, to prove at the trial, that he has presented his claim to the Comptroller, and that its payment or adjustment has been neglected or refused.

As this provision is obviously for the benefit of the defendants, and to save them from unnecessary expense in respect to claims which would be paid or adjusted if brought to their notice and a reasonable time given for their examination, it follows that they may waive it if they choose to do so ; and as the omission of the allegation would constitute a valid defence, it also follows that if they fail to take advantage of it by their answer they should be regarded as having expressly waived it.

By the Code, (Sec. 149) the answer must contain a statement of any new matter relied on as constituting a defence, and an omission in this respect is equivalent to conceding that no such defence exists.

Here, there was no such waiver or concession. The defendants did set up in their answer as a distinct ground of defence, and as an objection against the plaintiff's maintaining or prosecuting his action, the fact that the complaint did not contain the required allegation. The plaintiff went to trial with knowledge that this omission would be relied on as a defence, and the objection was then taken upon the motion to dismiss the complaint. He cannot therefore complain of surprise, and the presiding Judge should have held him to the consequences of his omission by granting the motion. The fact that the Judge did not do so, but permitted the case to go to the jury, who rendered a verdict in the plaintiff's favor, cannot help him, as he acquired no additional rights by the erroneous decision against the defendants, who had in no way waived their objection, but on the contrary, had presented it in a proper manner and at the fit time.

But it is contended that the claim of the plaintiff was not of such a character as the Comptroller would have been authorized to adjust had it been presented to him, and that therefore as its presentation would have been an idle ceremony, the allegation in that respect should not be required to be inserted in the complaint.    The answer to this view, however, is twofold. 1st. The statute in terms declares that *no* action shall be maintained or prosecuted against the defendants unless such an allegation appears in the complaint, and 2d. The Charter of 1857, Sec. 1, Laws 1857, p. 874, Sec. 22, specifically provides that the Department of Finance, a department of the defendants, of which the Comptroller is the chief officer, " shall settle and adjust *all claims* in favor of or against the Corporation, and all accounts in which the Corporation is concerned, either as debtor or creditor,"—a provision broad enough to include claims of every nature and description.

For these reasons the judgment should be reversed, and the complaint dismissed with costs to the defendants.

Judgment reversed.