Mr. Chief Justice Chase
delivered the opinion of the court:
This is an appeal from the Court of Claims. A suit was instituted in that court by the appellee, an ex-colonel of the Army, for a sum alleged to be due him as allowance for servants’ pay, beyond the sum actually allowed him for that purpose by the Comptroller of the Treasury, in settlement of his accounts. Judgment was given in his favor by the Court of Claims, and the United States appealed.
The sum in controversy, in the particular case before us, is insignificant, but the principle .involved extends to numerous claims and large amounts.
It was for many years the 'practice in the Army to detail enlisted men as personal servants of officers, and the practice had the sanction of law.
In 1812, with a view undoubtedly to the discouragement of this practice, it was provided by the Act of July 6, (2 Stat. L., p. 785,) that u officers who shall not take waiters from the line of the Army shall receive the pay, clothing, and subsistence allowed to a private soldier, for as many waiters as they may actually keep, not exceeding the number allowed by existing regulations.”
In 1816, the practice was absolute^ prohibited except to company officers, and it was again provided, by the Act of April 24, (3 Stat. L., p. 299,) almost in the terms of the Act of 1812, that u all officers be allowed for each private servant actually kept in service, not exceeding the number authorized by existing regulations, the pay, rations, and clothing of a private soldier, or money in lieu thereof, on a certificate setting forth the name and description of the servant in the pay account.”
At the time of the passage of the last act, the pay of a private was five dollars a month, with rations and clothing of certain money value in addition. The effect of the act was precisely the same as if the money value of the whole had been ascertained and the amount had been inserted as the allowance or emolument to be paid to the officer in addition to his own regular pay.
There is nothing in the act which expresses any intention on *111 the part of Congress that, whenever the pay of the private should be thereafter increased, the emolument of the officer should be proportionably augmented, without further legislation. But this construction was given to the act by the accounting officers, and the emoluments of officers were thus indirectly increased from time to time until 1861. Whenever the pay, clothing, and rations of private soldiers were advanced in .amount or value, the emoluments of officers were increased .proportionably, not by legislation to that effect, but by departmental construction.
In 1851, by the Act of August 1, (10 Stat. L., p. 575,) the pay of privates was increased to eleven dollars a month, and the allowance of officers for servants was also increased in like manner.
At length, when, in 1861, by Act of August 3, (12 Stat. L., p. 289, 286,) the pay of privates was augmented to thirteen dollars a month, and the Army ration was increased, and the emoluments of the officers were also augmented by the construction referred to, the subject attracted the attention of Congress, and by the Act of July 17, 1862, (12 Stat. L., p. 594,) it was provided that “ the first section of the act approved August 6, 1861, entitled £ An act to increase the pay of privates in the Regular Army and in the volunteers in the service of the- United State,’ shall not be so construed, after the passage of this act, .as to increase the emoluments of the commissioned officers of the Army.”
This act virtually gave the legislative sanction to the con.struction which had heretofore prevailed at the Departments in respect to the past acts : but virtually, also, prohibited its future application. It expressly forbade its application, to the increase of pay provided for by the act of August, 1861, and the departmental officers conformed their action to its directions ; and thenceforth limited the emoluments of officers in .respect to servants’ pay to the allowances made under the act of 1854.
In 1864, another act was passed on the 20th of June, (13 Stat. L., p. 144,) by which the pay of private is still further increased to sixteen dollars a month, without any mention of officers’ emoluments ,• and it is under this act that the claim under consideration is made. It is not denied that the action ■ of the accounting officers, under the act of 1862, is correct, but *112 it is insisted that the act of 1864 must be construed as were the acts of 1861, and the former acts increasing pay, until the prohibitory act of 1862.
But it by no means follows, from the silence of the act of 1864, in respect to the emoluments of officers, that the old construction must be applied to it. The contrary inference, we think, is better warranted.
We have already said that the correctness of the original interpretation of the earlier acts increasing pay was at least, doubtful. Constructive allowances are not entitled to favor. And it is certain, though the allowances in question, so far as made prior to the act of July, 1862, were confirmed by that act, that its prohibition of that construction in future, as applied to the act of 1861, must be taken, at least, as a legislative disapproval of the construction itself. It cannot, then, be assumed that, when the act of 1864 was passed, Congress intended that this disapproved construction should be applied to it.
We conclude, on the contrary, that the indirect effect, claimed for the act of 1864, of increasing the emoluments of officers, was not contemplated by the legislature, and cannot properly be given to it.
The construction contended for was not given to that act by the accounting officers, and we cannot say that, in rejecting it, these officers committed any error.
We agree with the counsel for the appellee that no effect can be given in this case to the Act of March 3,1865, (13 Stat. L., p. 487,) which declares that “ the measure of allowance for pay for an officer’s servant is the pay of a private soldier, as fixed by law at the time.” In prior acts, this allowance had extended to the pay, clothing, and subsistence of a private. The intention of this act seems to be that the allowance shall be limited to the pay, (Winthrop’s Dig. Opinions of Judge Advocate-G-eneral, p. 264.) But whatever the intention, the act can-have no retrospective operation.
The judgment of the Court of Claims must be reversed, and the cause remanded for further proceedings in conformity with this opinion.