MARIA B. MINICK, Respondent, *v.* THE CITY OF TROY, Appellant.

The charter of the city of Troy (§ 10, chap. 129, Laws of 1872) provides that no civil action shall be brought against the city for injuries to person or property "unless it appears that the claim for which the action was brought was presented to the comptroller with an abstract of the facts out of which the cause of action arose, * * * and that the comptroller did not, within sixty days, audit the same." Plaintiff presented a petition, as required, setting forth the facts and claiming damages to the amount of $10,000 for injuries alleged to have been caused by the negligent omission of the city to keep one of its streets in repair. The claim not having been audited as prescribed, this action was brought. The complaint alleged, substantially, the same facts as the petition and claimed $5,000 damages. *Held,* that the word "claim," and the phrase "cause of action," related to the same thing; that although the amount of compensation was different, the claim presented in the petition and the cause of action set forth in the complaint were identical; and that there was a sufficient compliance with the provisions of the charter.

At the close of the charge of the court on the trial, defendant's counsel excepted to the court's "statement to the jury of the evidence or the supposed evidence connected with the accident," on the ground that it was "stated too strongly." *Held,* that the exception was not sufficient to bring up any question for review.

The injury was caused by the wheel of the wagon in which plaintiff was riding running into a hole in the street. The court after it had charged, in substance, that plaintiff could not recover if her negligence had in any manner contributed to the injury, and that she was responsible for the conduct of the driver, her son, was asked by defendant's counsel to charge that "if the hole was one which might have been seen by the plaintiff or her son and readily avoided by the ordinary exercise of their

eyes, the failure to avoid it constituted negligence." The court replied
that this was substantially correct, save the expression "might have
been seen," as to which he charged, in substance, that if, in the use of
ordinary care, the hole ought to have been discovered, plaintiff could not
recover. *Held*, no error.

(Argued December 22, 1880; decided January 18, 1881.)

APPEAL from judgment of the General Term of the Su-
preme Court in the third judicial department, entered upon
an order made November 26, 1874, affirming a judgment in
favor of plaintiff, entered upon a verdict. (Reported below,
19 Hun, 253.)

This action was brought to recover damages for injuries
alleged to have been received through the negligent omission
of defendant to keep one of its streets in repair.

Plaintiff's evidence was to the effect that at the time of the
accident she was riding in a wagon through Congress street,
in the city of Troy; her son, a lad eighteen years old, was
driving; one of the wheels of the wagon ran into a hole in the
street, about a foot deep; the seat upon which plaintiff was
sitting broke and she was thrown out and injured.

The further material facts are sufficiently stated in the
opinion.

*R. A. Parmenter* for appellant.

*Esek Cowen* for respondent. Defendant was liable for
any damages arising from its streets being out of repair.
(*Davenport* v. *Ruckman*, 37 N. Y. 568; *Hutson* v. *The
Mayor, etc.*, 9 id. 163; *Conrad* v. *Trustees of Ithaca*, 16
id. 158; *Weet* v. *Brockport*, id. 161.) The length of time
the hole had existed raises the presumption of knowledge
of its existence in the city authorities, and the omission to
repair it was negligence on the part of the city. (*Requa* v.
*City of Rochester*, 45 N. Y. 129.) The mere fact, that the
damages were placed at different sums in the claims presented
to the comptroller and in the suit, did not make the claim for
compensation in any respect different. (*Field* v. *Field*, 77 N.
Y. 294–297.)

DANFORTH, J. The plaintiff brought this action to recover damages for personal injuries sustained by her in consequence, as she alleged, of a defect in one of the defendant's streets. It was therefore necessary for her to show, in the first instance, " that the claim for which the action was brought was presented to the comptroller, with an abstract of the facts" out of which it arose, and that he did not within sixty days thereafter audit the same. *Charter of the City of Troy*, T. C., § 10. At the commencement of the trial she put in evidence a petition addressed by her to the mayor and commonalty of the city of Troy and to its comptroller, stating the facts of her case substantially as they are set out in the complaint, and her claim " for damages and injuries " arising therefrom at the sum of $10,000. It was not audited. In the action she demands judgment for $5,000, and upon this variance the defendant objects that the provision of the statute, *supra*, has not been complied with. The objection is, I think, not well taken.

It is obvious that the word " claim," and the phrase " cause of action," relate to the same thing and have one meaning. The plaintiff before suit had a " claim " for damages ; and this, when stated in a complaint, is technically " a cause of action." The amount of compensation to which she conceived herself entitled, would not before suit, in any manner, vary or affect the claim ; nor does its statement in the pleadings determine the relief to which she would be entitled. In both cases it depends upon the facts stated. The claim, or cause of action, is made out when the facts constituting it are established ; and, as alleged in the complaint, they were the same as theretofore set forth in the petition. We think the statement was sufficient and the object of the statute answered. To the same effect in principle is the decision in *Field* v. *Field* (77 N. Y. 294).

At the close of the charge the defendant's counsel excepted to the court's " statement to the jury of the evidence, or the supposed evidence, connected with the accident," upon the ground that it was " stated too strongly." This was in general terms, and the attention of the learned judge was not called to any specific statement nor was he asked to charge in regard to

any other matter. In what way or to what extent it should be mitigated, was not suggested. The exception is not sufficient to bring before us any question for review.

Upon the subject of contributory negligence on the part of the plaintiff, the court charged: "The rule of law is, that the party who brings her suit must come into court with clean hands; she can only recover when the accident is solely caused by the negligence of the defendant. If the plaintiff's negligence contributes in any degree, then the defendant is not responsible." The duty of attention and observance on the part of the plaintiff and the driver, for whose conduct she was declared responsible, was there enforced. The defendant's counsel requested the court to charge "that if the jury shall find from the evidence that the hole in the street did exist, as stated by some of the plaintiff's witnesses, and that the wheel of the wagon got into it, and caused the seat to break, and the plaintiff to fall from the wagon, still if such hole was one which might have been seen by the plaintiff, or her son, the driver, and readily avoided by the ordinary exercise of their eyes, the failure to avoid it constituted negligence on the part of the plaintiff, which will defeat this action;" and the court replied: "That is substantially accurate. There is a single expression there, though, which needs to be modified, and that is, 'if this might have been seen.' That is the only part in the request to charge which is unsound. I charge you that if in the use of ordinary care and ordinary prudence, such as the ordinarily prudent person would have used under the same circumstances, it ought to have been discovered, then the plaintiff cannot recover." The defendant's counsel thereupon excepted to the refusal to charge as requested and to the charge as given. The exception is now insisted upon; but no ground of error is stated, and we can discover none. The plaintiff, for the purposes of the action, was taken to be in the same position as the driver, and in regard to contributory negligence, identified with him; so that his negligence, if there was any, was imputed to her; and then it was held in substance that if, by the exercise of ordinary care, he could have avoided the consequences of the defendant's negli-

gence, the plaintiff could not recover. The duty and obligation of the defendant to care for and maintain its streets had been adverted to in a manner satisfactory to its counsel, and by the various portions of the charge the case was fully presented. Negligence by the defendant, and ordinary care by the plaintiff, were necessary to sustain the action; or, as applicable to the facts of this case, a defect in the road, by the fault of the defendant and no want of ordinary care by the plaintiff. Such is the rule of law. It was fairly laid before the jury, and by their verdict the plaintiff's case is brought within it.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.