THOMAS J. CAVIN, Respondent, *v.* THE CITY OF BROOK-LYN, Appellant.

*Court of Appeals, January* 28, 1890.

Affirming, 16 N. Y. St. Rep. 758.

*Brooklyn. Presentation of claim.*—The provision in the charter of Brooklyn, section 30, title 22, chap. 583, Laws of 1888, which provides that claims against the city must be presented in detail, duly verified, to the comptroller, and that an action cannot be brought within thirty days, does not apply to claims arising *ex delicto.*

Appeal from a judgment of the general term of the city court of Brooklyn overruling demurrer to complaint.

*Almet F. Jenks,* for appellant.

*William V. Gaynor,* for respondent.

ANDREWS, J.—This case is governed by the decision in Howell *v.* City of Buffalo, 15 N. Y. 512. It was there held that a charter provision in the charter of Buffalo declaring that "it should be a sufficient bar or answer to any action or proceeding in any court for the collection of any demand or claim (against the city) that it had never been presented to the council for audit or allowance," did not apply to claims arising *ex delicto.* The same principle of construction has been applied to statutory provisions prohibiting the allowance of costs in actions against municipal corporations, ·

unless the *claim* upon which the action is founded had been presented to the chief fiscal officer of the corporation before the commencement of the action. Laws 1859, chap. 262; Code Civ. Pro., § 3245; McClure *v.* Niagara, 3 Abb. Ct. App. Dec. 83; Taylor *v.* City of Cohoes, 105 N. Y. 54; 6 N. Y. State Rep. 461; Gage *v.* Village of Hornellsville, 106 N. Y. 667; 8 N. Y. State Rep. 885. The cases of Minick *v.* City of Troy, 83 N. Y. 514, and Reining *v.* City of Buffalo, 102 Id. 309; 2 N. Y. State Rep. 10, arose under the charter provisions, which in terms include claims *ex delicto*. and are not in conflict with the other cases.

The charter of Brooklyn, under which the present contention arises, declares that "no action or special proceeding" shall be maintained against the city, unless it shall appear by the complaint that at least thirty days had elapsed "since the claim or claims upon which said action or special proceeding is founded were presented in detail and duly verified by such claimant, or claimants, to the comptroller of said city for adjustment," and a subsequent clause in the same section authorizes the comptroller to require "any person presenting for settlement an account or claim," to be sworn; and answer orally as to any facts relative to the justness of such "account or claim." Chap. 583, Laws of 1888, title 22, § 30.

The words "claim or account," in connection with the purpose of presentation, and the designation of the officer to whom the presentation is to be made naturally indicate claims on contract which may in ordinary course be adjusted by the comptroller or chief financial officer or officers of the city, the justness of which may be ascertained by the summary method of examination provided.

There is nothing in the language of the charter to take the case out of the operation of the decisions. In Dickinson *v.* The Mayor, etc., 92 N. Y. 584, and Brehm *v.* The Mayor, etc., 104 Id. 186; 5 N. Y. State Rep. 661, it was assumed by counsel that the provision in the New York Consolidation

Act, Laws of 1873, chap. 385, § 105, applied to actions *ex delicto*. Upon this assumption, the question was presented in the first case whether the statute of limitations, on a cause of action for negligence, commenced to run from the time of the injury, or from the time of the demand made on the comptroller, and it was held that the charter provision did not postpone the period for the commencement of the limitation prescribed by the general statute, and in the second case, that a delay of thirty days after presentation of a claim did not bar the cause of action, where the six years expired during that period. The court did not consider the question now presented.

There has been a diversity of opinion in the supreme court upon the question, but the general rule having been declared by this court in analogous cases, we think there is no reason for now changing it.

The opinions below contain an exhaustive review of the cases on the subject, and further elaboration is unnecessary.

We concur in the conclusion reached, and the judgment should be affirmed, with leave to the defendant to apply to the court below for leave to answer.

All concur.