### MAESK v. SMITH.

(*Supreme Court, General Term, Fifth Department.*   January 24, 1891.)

1. SLANDER—EXCESSIVE VERDICT.

    A verdict for $100, in an action for slander in accusing plaintiff of stealing defendant's coal, will not be disturbed as excessive, where it does not appear that the jury were influenced by improper considerations.

2. SAME—EVIDENCE—STATEMENTS OF THIRD PERSONS.

    In such case it was proper to refuse to allow defendant to testify, under a plea of justification, as to what third persons told him about the taking of the coal.

Appeal from Monroe county court.

Action by Herman Maesk against William S. Smith for slander. Judgment was entered on a verdict for plaintiff, and a motion for a new trial was denied, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Merton E. Lewis,* for appellant.   *H. B. Hallock,* for respondent.

CORLETT, J. The action was to recover damages for slander, the complaint alleging, in substance, that on the 11th day of February, 1890, in the city of Rochester, the defendant accused the plaintiff of stealing his coal. The answer was a denial and justification. The defendant had two furnaces or heaters in use in two houses, and had a quantity of coal in the cellar of one of them, used to keep fire for drying the plaster. The plaintiff was at work for him. The claim of the defendant was, in substance, that he had a large quantity of coal when he left for home on Saturday night, and that on the following Monday morning most of it had disappeared, and that the plaintiff stole it. The jury found the speaking of the words, and against the defendant's contention, and rendered a verdict for the plaintiff of $100. The defendant made a motion for a new trial, which was denied. Judgment was entered, and the defendant appealed from the order and judgment to this court.

The words were slanderous *per se.* They accused the plaintiff of the commission of a crime. The jury found the speaking of the words, and assessed the damages at the sum above stated. There is no force in the claim that the damages were excessive. The amount of the verdict was not large. Slander is a personal injury. Subdivision 9, § 3343, Code Civil Proc. In such an action the verdict will not be set aside unless it appears to be the result of passion, partiality, prejudice, or corruption. *Minick* v. *City of Troy,* 19 Hun, 253; affirmed, 83 N. Y. 514. There is nothing in the present case to indicate that the jury were influenced by improper considerations. The cause was fairly submitted to the jury by the trial judge, and no exceptions were taken to the charge. The requests to charge were also properly disposed of.

Some exceptions were taken to the rejection of evidence. The defendant was asked the following question: "Did you have any information from any one as to what became of that coal?" This was objected to by the plaintiff's counsel, and sustained, to which exception was taken. The ruling was proper. The question simply called for the declarations of a third person. The defendant, as a witness, testified that he relied upon information obtained from one Hough. He was then asked: "You believed the statements which were made to you by Mr. Hough as to what he had seen?" This evidence, upon objection, was excluded, and exception taken. The ruling of the judge was correct. The statement of a third person is no excuse or justification for the uttering of slanderous words. There were no errors committed in the admission or rejection of evidence to the prejudice of the defendant. The judgment and order must be affirmed. All concur.