# THE

# New York Supplement

## VOLUME 37.

(15 Misc. Rep. 593.)

### McDONOUGH v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. February 3, 1896.)

MUNICIPAL CORPORATIONS—ACTIONS AGAINST—NOTICE OF CLAIM.

Consolidation Act (Laws 1882, c. 410) § 1104, provides that no action or special proceeding shall be maintained against the city unless the complaint or necessary moving papers allege that 30 days have elapsed since "the claim or claims" on which the action or special proceeding is founded were presented to the comptroller for adjustment, and that he neglected or refused to make adjustment for 30 days after the presentment, does not apply to claims arising ex delicto.

Action by William McDonough, by his guardian, against the mayor, aldermen, and commonalty of the city of New York, for personal injuries. The complaint was dismissed, and plaintiff moves for a new trial. Granted.

James R. Angel, for plaintiff.

William H. Rand, for defendant.

GIEGERICH, J. This action is brought for the recovery of damages for injuries alleged to have been caused by defendant's negligence. Before plaintiff opened his case, the defendant moved to dismiss the complaint on the ground that the former had not complied with section 1104 of the consolidation act (Laws 1882, c. 410), which provides as follows:

"No action or special proceeding shall be prosecuted or maintained against the said mayor, aldermen and commonalty unless it shall appear by, and as an allegation in the complaint or necessary moving papers, that at least thirty days have elapsed since the claim or claims upon which said action or special proceeding is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment."

The plaintiff admitted that no such claim had been presented to the comptroller; and as the complaint contained no other allegation as to preliminary proceedings, save that notice of the intention to commence an action had been filed with the counsel to the

v.37 N.Y.S.no.1—1

corporation, pursuant to chapter 572 of the Laws of 1886, it was dismissed. My attention has since been called to the decision in the case of Harrigan v. City of Brooklyn, 119 N. Y. 156, 23 N. E. 741, which appears to be adverse to the position contended for by the defendant. In that case the court of last resort passed upon a provision contained in the charter of the city of Brooklyn (chapter 583, Laws 1888, tit. 22, § 30), similar in all respects to the one above cited, and it was there held that "the words 'claim or account,' in connection with the purpose of presentation, and the designation of the officer to whom the presentation is to be made, naturally indicate claims on contract, which may, in ordinary course, be adjusted by the comptroller or chief financial officer or officers of the city, the justness of which may be ascertained by the summary method of examination provided," and hence it did not apply to claims arising ex delicto. The principle of this decision has since been followed in the case of Sherman v. Village of Oneonta (Sup.) 21 N. Y. Supp. 137, and is, in my opinion, controlling in this case.

It therefore follows that the dismissal of the complaint was error, and that a new trial should be granted, with $30 costs to the plaintiff to abide the event.

