(29 Misc. Rep. 395.)

PULITZER v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. November, 1899.)

MUNICIPAL CORPORATIONS—PLEADING—PERSONAL INJURIES — CLAIM — PRESENTATION TO COMPTROLLER.

Greater New York Charter, § 261, providing that no action, for any cause whatever, shall be maintained against the city, unless the complaint states that 30 days have elapsed since the demand or claim was presented to the city comptroller for adjustment, does not apply to actions for personal injuries caused by the city's negligence, as such claims, before they become judgments, are not within the comptroller's power to adjust or pay, and the city receives due information of the claim when notice is given under Laws 1886, c. 572, requiring the plaintiff to notify the corporation counsel of an intention to sue for such a claim.

Action by Kate Davis Pulitzer against the city of New York and the Metropolitan Street-Railway Company. Defendants demur to plaintiff's petition. Demurrer overruled.

James W. Gerard, Jr. (Harry N. Avery, of counsel), for plaintiff.
John Whalen, Corp. Counsel (Harold S. Rankine, of counsel), for the city.

RUSSELL, J. In this action to recover damages for personal injuries, based upon charges of negligence by defendants, the city demurs to the complaint because of the lack of an allegation that the claim was presented to the comptroller for adjustment, and

that he neglected or refused to make adjustment or payment for 30 days. In the charter of the city of New York the following section is contained:

"Sec. 261. No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against the city of New York, unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment. If the plaintiff recovers judgment in his action or special proceeding he shall recover full taxable costs without regard to the amount of the judgment."

It is conceded that the complaint avers in due form the notice required by chapter 572 of the Laws of 1886 to the corporation counsel of the intention to commence an action against the city for the cause of action stated in the complaint, so that the only question which here arises is whether, in addition to such notice to the corporation counsel, the other notice to the comptroller must also be given. Every statute is founded upon some beneficial purpose, and should receive a rational construction. Smith v. People, 47 N. Y. 330. It is especially so in the consideration of a mass of statutes providing for the government of a great city, where the provisions blend into each other to accomplish the results designed in the provision for a wise scheme of municipal government. The purpose of a notice to the corporation counsel who will have charge of the defense made by the city in actions for personal injuries or other wrongs is obvious. Inquiry can be at once made through his efforts as to the circumstances upon which the claim is made against the city, and preparation made for a defense, as well as reasonable information given to the municipal assembly if a settlement is desirable.

The object to the provision in regard to the presentation of the claim to the comptroller for adjustment is very different. He is the chief financial officer of the city, by whom payments are made through warrants on the chamberlain. It is essential that all demands should pass under his supervision, that he may keep a correct record of the indebtedness of the city, and may provide for its current obligations. Demands for damages arising out of tortious acts by agents of the city are not a part of the indebtedness of the city itself until they become a contract of record by judgment, and are not within his power of adjustment or payment. Hence it would be an idle ceremony to present such a claim for adjustment or payment to an officer who could neither adjust nor pay. This has been the view of the courts. Harrigan v. City of Brooklyn, 119 N. Y. 156, 23 N. E. 741; McDonough v. City of New York, 15 Misc. Rep. 593, 37 N. Y. Supp. 1. But the corporation counsel argues that the purpose of the amendment contained in chapter 887 of the Laws of 1896, and now included in the greater charter, which inserted these words in the section quoted, "for any cause whatever," so modified the statutory law that the previous construction is now untenable. It is difficult to perceive how these additional words add much force to the previous language, which provided

that no action or special proceeding should be prosecuted against the city unless the claim had been presented to the comptroller for adjustment. If no action could be maintained without such preliminary presentation of claim, the additional words, "for any cause whatever," did not extend the scope to exclude any action in a court of justice which, prior to such amendment, could not be brought. Nor is there in the Greater New York charter any indication that the separate provinces of the comptroller and corporation counsel are changed in regard to financial claims or suits for torts. In the same Greater New York charter, which provides by section 261 for the presentation of a claim to the comptroller, the duties of that financial officer are specifically set forth. Upon the presentation of a claim "for any cause whatever" he may require the person presenting the same for settlement to be sworn, and to answer orally as to the justness of such account or claim. The comptroller is required to settle and adjust all claims in favor of or against the corporation, and all accounts in which the corporation is concerned as debtor or creditor. Laws 1897, c. 378, § 149. It would probably cause an upheaval in the management of the department of finance if the court should now hold that the policy of the statute requiring presentation of claims, the examination of claimants, and the adjustment and payment of demands, covered also causes of action for tortious acts by the agents of the city, imposing upon the chief financial officer the hearing of such demands, the examination of witnesses, and their adjustment and payment.

Demurrer overruled, with costs, and leave to answer on payment of costs.

Demurrer overruled, with costs, with leave to answer.