PULITZER v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.    February 9, 1900.)

MUNICIPAL CORPORATIONS—ACTIONS—DAMAGES—PRESENTATION OF CLAIM TO COMPTROLLER.

> Greater New York Charter, § 261, providing that no action, for any cause whatever, shall be maintained against the city, unless the complaint states that 30 days have elapsed since the demand or claim on which such action is founded was presented to the city comptroller for adjustment, applies to actions against the city ex delicto.
>
> Patterson, J., dissenting.

Appeal from special term, New York county.

Action by Kate Davis Pulitzer against the city of New York and another. From an interlocutory judgment overruling a demurrer to the complaint (61 N. Y. Supp. 803), the city appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

Theodore Connoly, for appellant.

James W. Gerard, Jr., for respondent.

O'BRIEN, J. This is an action brought to recover damages for loss suffered by plaintiff, caused, as alleged, by the negligence of the defendant. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action; and the question to be decided upon this appeal is whether it is necessary, in an action ex delicto, to allege compliance with section 261 of the Greater New York charter. The section reads as follows:

"No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against the city of New York unless it shall appear by and as an allegation of the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment. If the plaintiff recovers judgment in his action or special proceeding he shall recover full taxable costs without regard to the amount of the judgment."

It was held by the special term, principally upon the authority of Harrigan v. City of Brooklyn, 119 N. Y. 156, 23 N. E. 741, that the section applied only to actions on contract. In that case the language under consideration was that contained in the charter of Brooklyn, declaring that "no action or special proceeding" shall be maintained against the city, unless it shall appear by the complaint that at least 30 days had elapsed "since the claim or claims upon which said action or special proceeding is founded were presented in detail, and duly verified by such claimant or claimants to the comptroller of said city for adjustment"; and a subsequent

clause in the same section authorizes the comptroller to require "any person presenting for settlement an account or claim to be sworn and answer orally as to any facts relative to the justness of such account or claim." In its conclusion the court says, by Justice Andrews, writing the opinion (Harrigan v. City of Brooklyn, supra):

> "The words 'claim or account,' in connection with the purpose of presentation and the designation of the officer to whom the presentation is to be made, naturally indicate claims on contract which may, in ordinary course, be adjusted by the comptroller or chief financial officer or officers of the city. * * * There has been a diversity of opinion in the supreme court upon the question, but, the general rule having been declared by this court in analogous cases, we think there is no reason for now changing it."

The diversity of opinion in the supreme court, referred to, arose from cases where an interpretation was called for of seemingly analogous requirements of charters of various cities in the state in which, although the provisions in question were couched in somewhat similar language and phraseology, a different construction was necessarily adopted, because of the language used or the relation of the section to other parts of the charters. In addition to the Harrigan Case, supra, there was argued and handed down by the court of appeals on the same day the opinion in Cavan v. City of Brooklyn, 23 N. E. 741, which involved the same section of the charter of Brooklyn. In that the appeal was from the general term of the city court of Brooklyn (5 N. Y. Supp. 758), and in the opinion of that court the construction adopted was controlled by the fact that the word "account" was used as well as "claim," and it was therein said: "When they are associated together, as they are in this act, * * * the latter is restricted to the genus of demands to which the former belongs,—those on contracts." Where, however, language broader than in the Brooklyn charter has been used in the charters of other cities, it has been held that actions in tort or ex delicto were included. Nagel v. City of Buffalo, 34 Hun, 1; Minick v. City of Troy, 83 N. Y. 514; Reining v. City of Buffalo, 102 N. Y. 312, 6 N. E. 792. In relation to New York City, a review of the legislation and the decisions bearing on the subject will show that, with the single exception of McDonough v. Mayor, etc., 37 N. Y. Supp. 1 (a late special term decision, which followed the Harrigan Case, for the reason that the judge assumed the latter to be controlling), they all hold that it was the intention of the legislature to require notice to be given to the comptroller, in actions of tort as well as in actions on contract. Thus, section 2 of chapter 379 of the Laws of 1860 provided that "no action or special proceeding shall be prosecuted. or maintained against the said the mayor, aldermen and commonalty of the city of New York unless it shall appear by, and as an allegation, in the complaint or necessary moving papers that at least twenty days have elapsed since the claim or claims upon which said action or special proceeding is founded were presented to the comptroller of said city for adjustment * * *"; and it was held in Russell v. Mayor, etc., 1 Daly, 263, that this requirement was not restricted in its application to any particular class of cases; and in disposing of the contention thus made, as

held, that the comptroller has nothing to do with the adjustment or settlement of actions of tort, it was said:

"It is contended that the claim of the plaintiff [which was for personal injuries] was not of such a character as the comptroller would have been authorized to adjust had it been presented to him, and that, therefore, as its presentation would have been an idle ceremony, the allegations in that respect should not be required to be inserted in the complaint. The answer to this view, however, is twofold: (1) The statute, in terms, declares that no action shall be maintained or prosecuted against the defendants unless such an allegation appears in the complaint; and (2) the charter of 1857 (page 874, § 22, Laws of 1857) specifically provides that the department of finance, a department of the defendants of which the comptroller is the chief officer, 'shall settle and adjust all claims in favor of or against the corporation, and all accounts in which the corporation is concerned, either as debtor or creditor,'— a provision broad enough to include claims of every nature and description."

See, also, Knox v. Mayor, etc., 55 Barb. 404; Duryea v. Same, 26 Hun, 120; Reed v. Same, 31 Hun, 311.

In view of the construction which had thus been given to section 2 of chapter 379 of the Laws of 1860, its re-enactment as section 105 of chapter 335 of the Laws of 1873, and again as section 1104 of the consolidation act, was a legislative adoption of that construction; for, as the appellant contends, there is abundant authority for the proposition that a re-enactment of a statute which has previously received a judicial construction in the same, or substantially the same, terms, amounts to a legislative adoption of such construction. Hakes v. Peck, 30 How. Prac. 104; People v. Green, 56 N. Y. 466; U. S. v. Gilmore, 8 Wall. 330, 19 L. Ed. 396. As said in Com. v. Hartnett, 3 Gray, 450:

"When the legislature in a later statute use the terms of an earlier one, which has received a judicial construction, that construction is to be given to the later statute, and this is manifestly right; for, if it were intended to exclude any known construction of a previous statute, the legal presumption is that its terms would be so changed as to effect that intention."

After the decision in the McDonough Case, supra, which was a departure from the uniform line of decisions, the legislature, in 1896, by chapter 887 of the Laws of that year, amended the section in the consolidation act by inserting the words, "for any cause whatever," so as to make it now read as follows:

"Sec. 1104. No action or special proceeding for any cause whatever shall be prosecuted or maintained against the said mayor, aldermen and commonalty unless it shall appear by, and as an allegation in the complaint or necessary moving papers, that at least thirty days have elapsed since the demand, claim or claims upon which said action or special proceeding is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment. * * *"

As evidence of the legislative intent to restore the construction which, prior to the McDonough Case, had been given to the section, it would be difficult to find language more expressive, or phraseology more comprehensive, than that employed by having the section apply to any action or special proceeding "for any cause whatever." As it stood originally, there might be force in the suggestion that, as the words "claim and demand" were used, the provision referred solely to contracts, though the courts had held that

actions in tort were included. After the McDonough 'Case, the legislature added the amendment, and it is thus made reasonably certain that the purpose sought was the restoration of the former construction, so as to have the provision include every class of cases. Regard being had to the words of the amendment, we think that that is just what has been accomplished.

As an instance of the force given to almost similar language, a case in point is that of Van Frachen v. City of Howard, 88 Wis. 570, 60 N. W. 1062. The charter of the city of Ft. Howard provides (section 6, subc. 5, c. 420, Laws 1891):

"No action shall hereafter be maintained by any person against the city of Ft. Howard upon any claim or demand of whatsoever nature, other than a city bond or order, unless such person shall have first presented such claim or demand to the common council of the city."

It was held that the words "of whatsoever nature" expanded the meaning of the term "claim or demand" to such an extent as to make it broad enough to include a claim arising out of a tort, the court in the opinion saying:

"The term 'claim or demand,' without other words of explanation or expansion, is held to include only claims and demands arising upon contract, and does not include any cause of action arising from a tort. Kelley v. City of Madison, 43 Wis. 638; Bradley v. City of Eau Claire, 56 Wis. 168, 14 N. W. 10; Vogel v. City of Antigo, 81 Wis. 642, 51 N. W. 1008. This is an action arising from a tort, and is not included in this provision of the charter of the defendant, unless it should be held that the words 'of whatsoever nature' were used by the legislature with the intention to enlarge the meaning of the term 'claim or demand,' so as to include causes of action arising from torts. It may not be entirely clear what the legislature intended by the use of the words 'of whatsoever nature.' The meaning of the words in that connection may be ambiguous. But the legislature intended them to have some force and meaning. Harrington v. Smith, 28 Wis. 43–67. They were absent from the defendants' charter, as originally enacted. Laws 1873, c. 164, subc. 5, § 8. They were put into the charter by chapter 420, Laws 1891. They were introduced into the charter ex industria. They were intended, obviously, to explain or expand the term 'claim or demand.' They have no restrictive force. They evidently enlarge or expand the term. Before that term included all causes of action arising on contract. To enlarge it, it must be held to include causes of action not arising on contract. These can be no other than torts."

Our conclusion, therefore, is that section 1104 of the consolidation act, as amended, is broad enough in its language to include claims ex delicto; and, section 261 of the charter being a re-enactment of that section, it follows that the failure here to allege in the complaint that the claim was presented to the comptroller made the complaint defective, and that the demurrer thereto was well taken.

The judgment accordingly should be reversed, with costs, and the demurrer sustained, with costs, but with leave to serve an amended complaint, on payment of costs in this court and in the court below. All concur, except PATTERSON, J., who dissents.