(88 App. Div. 606.)

SMITH v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. MUNICIPAL CORPORATIONS—ACTIONS AGAINST—SERVICE OF CLAIM—ON WHOM TO BE SERVED.

Under New York City Charter, 3 Laws 1897, p. 92, c. 378, § 261, providing that no action shall be prosecuted against the city unless at least 30 days have elapsed since demand or claim upon which the action is founded was presented to the comptroller, a demand on the comptroller is a condition precedent to the maintenance of an action, which must be alleged and proved, and service of demand on the corporation counsel is insufficient.

SAME—SERVICE ON CORPORATION COUNSEL.

> New York City Charter, 3 Laws 1897, p. 92, c. 378, § 261, providing for service of demand or claim against the city on the comptroller, does not in any way affect Laws 1886, p. 801, c. 572, which requires a similar notice to be served on the corporation counsel, the objects to be attained by the two notices being different.

Appeal from Trial Term, New York County.

Action by Cora Smith, an infant, by Hattie Smith, her guardian ad litem, against the city of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Mary Coleman, for appellant.

Terence Farley, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for personal injuries. The complaint, among other things, alleged that at a time stated, and prior to the commencement of the action, the plaintiff presented a claim in writing to the comptroller of the city of New York for an adjustment of the damages claimed; that more than 30 days had elapsed since said claim was presented, and that the comptroller had neglected and refused to make any adjustment or payment thereof. This allegation of the complaint was put in issue by the answer. At the trial, after a jury had been impaneled, to establish this allegation of the complaint plaintiff offered in evidence the notice of claim served. It was in form addressed to the comptroller of the defendant, but was not, in fact, served upon him, but instead upon the corporation counsel, who entered it in a book kept by him entitled "Notices of Intention to Commence Actions." It was admitted by plaintiff's counsel that the notice was not served upon the comptroller, and that no notice was served in any other way than the one served upon the corporation counsel. This admission having been made, defendant's counsel moved to dismiss the complaint upon the ground that a proper notice of plaintiff's claim had not been served upon the comptroller. The motion was granted, and judgment thereafter entered to this effect, from which plaintiff has appealed.

We are of the opinion that the complaint was properly dismissed. Section 261 of the Greater New York Charter (chapter 378, p. 92, vol. 3, of the Laws of 1897) provides:

> "No action or special proceeding for any cause whatever shall be prosecuted or maintained against the city of New York unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment."

A compliance with this provision of the charter is in the nature of a condition precedent, and must be both alleged and proved. It is part of the plaintiff's cause of action. A failure to allege it in the complaint renders the complaint demurrable (Pulitzer v. New York,

48 App. Div. 6, 62 N. Y. Supp. 587), and a failure to prove it prevents a recovery (Foley v. Mayor, 1 App. Div. 586, 37 N. Y. Supp. 465; White v. Mayor, 15 App. Div. 440, 44 N. Y. Supp. 454; Krall v. New York, 44 App. Div. 259, 60 N. Y. Supp. 661). See, also, Rider v. Mount Vernon, 87 Hun, 27, 33 N. Y. Supp. 745; Curry v. Buffalo, 135 N. Y. 366, 32 N. E. 80. The object sought to be accomplished by this provision of the charter is to give an opportunity to the comptroller to examine the validity of the claim presented, and, if valid, to adjust and pay the same, in order to avoid the expenses of litigation. Nor does this section of the charter in any way affect chapter 572, p. 801, of the Laws of 1886, which requires notice to be served upon the corporation counsel. Curry v. Buffalo, supra; Krall v. City of New York, supra. The object of such notice is to enable the legal adviser of the city to investigate the claim while the matter is fresh in the minds of witnesses, and determine whether or not there is any basis for it. The conclusion thus reached is in no way in conflict with Missano v. New York, 160 N. Y. 123, 54 N. E. 744, Sheehy v. City of New York, 160 N. Y. 139, 54 N. E. 749, or Shaw v. City of New York, 83 App. Div. 212, 82 N. Y. Supp. 44. In the Missano Case it was held that a notice which purported to be given in compliance with section 1104 of the consolidation act (chapter 410, p. 305, Laws 1882), and was addressed to and filed with the comptroller, was a substantial compliance with chapter 572, p. 801, of the Laws of 1886, inasmuch as the notice was by the comptroller sent to the corporation counsel, who acted upon it. In the Sheehy Case the notice failed to state in terms an intention to commence an action, but it was held that it was nevertheless sufficient, inasmuch as it substantially complied with the statute, and gave the corporation counsel information that a claim was made, and of an intention to enforce it. In the Shaw Case the complaint alleged and the answer admitted that prior to the commencement of the action the plaintiff presented to and filed with the comptroller of the defendant a claim for the damages for which a recovery was had, and which notice contained a statement of the time and place of the accident, the facts connected with it, including the injuries sustained by the plaintiff, the damages to his property, and the damages claimed. At the trial an amendment of the complaint was permitted so as to allow the plaintiff to prove that the notice served on the comptroller, or a similar one, was also served upon the corporation counsel, who acted upon it, and required the plaintiff to submit to an examination. In the case now before us, as already said, no notice whatever was served upon the comptroller, and under the section of the charter referred to and the authorities cited, this precluded the plaintiff from maintaining the action.

It follows, therefore, that the judgment appealed from must be affirmed, with costs. All concur.