## HARMS v. CITY OF NEW YORK.

(Supreme Court, Appellate Term.   November 11, 1910.)

1. ACTION (§ 28*)—ACTIONS BY BAILOR—TORT OR CONTRACT.

When a bailee, for hire, returns property damaged, the bailor may sue in tort for the damages occasioned by the bailee's negligence, or at his election for a breach of the contract of bailment.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 199; Dec. Dig. § 28.*]

2. BAILMENT (§ 30*)—ACTIONS—PLEADING—CONTRACT.

In an action against a bailee for damages to the property bailed on an implied agreement to return the property in as good condition as when received, reasonable wear and tear excepted, negligence need neither be alleged nor proved by the plaintiff.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. § 123; Dec. Dig. § 30.*]

3. BAILMENT (§ 31*)—ACTIONS—EVIDENCE—SUFFICIENCY—CONTRACT.

In an action on the contract of bailment against a bailee for injuries to property bailed, plaintiff makes a prima facie case upon showing the hiring, the delivery of the property to the defendant in good condition, its return in bad condition, and the damage.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. § 131; Dec. Dig. § 31.*]

4. ACTION (§ 28*)—CONTRACT OR TORT—RIGHT TO ELECTION.

In an action for injuries to goods bailed, it is the bailor, who has the right of election between tort and contract, and the bailee cannot change the form of the action from contract to tort by showing his negligence, for a tort-feasor cannot allege his wrong to defeat a good cause of action.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 199; Dec. Dig. § 28.*]

5. MUNICIPAL CORPORATIONS (§ 1025*)—STATUTES OF LIMITATION—LIMITATION AFFECTED BY ELECTION OF REMEDIES.

Section 261, Greater New York Charter (Laws 1901, c. 466), provided that claims against the city for damages for injuries to personal property or the destruction thereof by reason of the negligence of the city or its department shall be barred unless action be brought within one year. The plaintiff rented a scow to the city which was injured through its negligence. He then brought an action on the contract of bailment. *Held*, that the aforesaid rule did not apply, being limited by its terms to actions arising by reason of negligence, and this action was based on the contract.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 1025.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles F. Harms against the City of New York. From an order vacating a judgment in favor of plaintiff, he appeals. Reversed and judgment reinstated.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Foley, Martin & Nelson (William J. Martin and Frank A. Spencer, Jr., of counsel), for appellant.

Archibald R. Watson (Theodore Connoly, Loyal Leale, and M. J. Kelly, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PAGE, J. The defendant hired a scow, in good condition, from the plaintiff, at the rate of $5 per day, and on or about the 25th day of January, 1908, returned the boat in a damaged condition. The boat was twisted, its seams open, its planks damaged, and it was leaking. A survey was made by two persons, one representing the plaintiff, and the other the defendant. They agreed on the repairs necessary and the costs thereof. The repairs were made, and the boat returned to the city. Plaintiff sues for the cost of the repairs, the cost of the survey, and loss of earnings for six days. The pleadings were written. The complaint was for a breach of the contract of hiring. The answer denied any knowledge or information sufficient to form a belief as to the material allegations of the complaint, and set forth as defense "that the cause of action has not accrued within one year prior to the commencement of said action." Upon the trial witnesses were examined on behalf of both parties and judgment given for plaintiff for the full amount claimed. A motion was made to set aside the judgment upon the exceptions, which motion was granted.

The exceptions upon which defendant relies were those taken to the denial of the motion to dismiss made at the conclusion of the plaintiff's case and renewed at the close of the entire case. The most serious of these is that the action, not having been brought within one year after the cause of action accrued, is barred by section 261 of the Greater New York Charter (Laws 1901, c. 466), which, so far as applicable, is as follows:

"* * * And in the case of claims against said city, accruing after the passage of this act, for damages for injuries to personal property or the destruction thereof, alleged to have been sustained by reason of the negligence of * * * said city or any department * * * thereof no action thereon shall be maintained against said city, unless such action shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of intention to commence such action and of the time when and place where the damages were incurred or sustained, together with a verified statement showing in detail the property alleged to have been damaged or destroyed and the value thereof, shall have been filed with the comptroller of said city within six months after such cause of action shall have accrued."

It is conceded that the action was not commenced within a year, and that the notice last provided for by said section was not filed. If, therefore, this action is to enforce a claim for damages for injuries to personal property, alleged to have been sustained by reason of negligence, it is barred. When a bailee for hire returns the property, damaged, two causes of action exist in favor of the bailor: In tort, for the damages occasioned by the bailee's negligence; or, waiving the tort, for breach of the contract of bailment—as between these causes of action he has the right of election.

In the case at bar the plaintiff elected to bring his action upon the contract. Negligence is not a necessary element, and was neither alleged nor proved by the plaintiff. The gravamen of the action is the breach of the implied agreement to return the property in as good condition as when received, reasonable wear and tear excepted. And plaintiff proved his prima facie case when he showed the hiring, the delivery of the boat to the defendant in good condition, its return in

bad condition, and the amount necessarily expended to put it in good condition. The defendant argues that because it sought to prove by way of defense that the injuries were the result of its negligence, to which the negligence of the servant of the plaintiff contributed, the action thereby became an action for damages to personal property by reason of negligence, forgetting that the plaintiff makes the election, and we find his choice in his complaint and in the evidence offered by him and not by the defendant's pleadings or evidence. Had the plaintiff brought his action in tort, then it would have been necessary for him to prove negligence, and the numerous cases cited by respondent on the burden of proof and degree of care would be applicable, and the limitation of one year, under section 261, would apply. Where a plaintiff has two causes of action, one in tort and the other on contract, and has elected to bring his action on the contract, the "tort-feasor cannot allege his own wrong for the purpose of defeating an action upon the contract. In Angell on Limitations (5th Ed.) § 72, it is said 'an action of assumpsit may not be barred by the statute, when, to an action for a tort upon the same demand, the statute may be pleaded.'" Ganley v. Troy City Nat. Bank, 98 N. Y. 487, 494.

Section 261, being limited by its terms to actions for damages for injuries to personal property or the destruction thereof, alleged to have been sustained by reason of negligence, does not apply to the cause of action set forth in the complaint herein. And the learned justice below erred in vacating the judgment on the ground that the limitation contained in section 261 was applicable, which was the sole ground stated in his opinion.

The order should be reversed, and the judgment reinstated, with costs to appellant in this court and in the court below. All concur.