Rose E. Flaxman, Plaintiff, *v.* The City of New York, Defendant.

(Supreme Court, Kings Special Term for Motions, December, 1916.)

Actions — when cause of action accrues — equity — election — Greater New York Charter.

> The provision of section 261 of the Greater New York Charter, as amended in 1907, that no action shall be maintained against the city unless the complaint alleges that at least thirty days have elapsed since the demand or claim was presented to the comptroller and that in cases of claims for damages for injuries to property sustained through the negligence of the city or by its erection or maintenance of a nuisance no action shall be maintained unless notice of intention to sue and when and where the damages were incurred or sustained shall have been filed with the comptroller within six months after the cause of action shall have accrued, does not apply to an action to enjoin the operation of an elevated railroad in front of plaintiff's premises in said city and as incidental relief to recover past damages. Such an action being essentially in equity is not within said charter provision and the complaint is not defective because of failure to plead that plaintiff's claim was presented to the comptroller more than thirty days before the commencement of the action and that a notice of intention to sue was served upon him within six months after the cause of action accrued.

> Plaintiff having a choice of two forms of action, one of which would come within said section 261 of the Greater New York Charter and the other not, might elect to sue on the one not covered by the charter provision.

Motion for judgment on the pleadings.

Philip B. La Roche, for plaintiff.

Lamar Hardy, corporation counsel (Thomas F. Magner and John B. Shanahan, of counsel), for defendant.

CROPSEY, J.   This is an action to enjoin the opera-
tion of an elevated railroad in front of plaintiff's
premises and to recover the damages suffered by
reason of its construction and existence.  The defend-
ant moves for judgment on the pleadings, claiming the
complaint does not state a cause of action.  The defect
alleged is the failure to plead that the plaintiff's claim
was presented to the comptroller more than thirty
days before the commencement of the action and that
a notice of intention to sue was served upon the comp-
troller within six months after the cause of action
accrued.  It is contended by the defendant that sec-
tion 261 of the charter applies to this action.  The
plaintiff disputes this contention.  If the section does
apply, the failure to allege a compliance with it is
fatal and there must be a judgment dismissing the
complaint.  *Krall* v. *City of New York,* 44 App. Div.
259; *Watts* v. *City of New York,* 133 id. 400.  Is section
261 applicable?

That section reads thus: "No action or special
proceeding, for any cause whatever, shall be prose-
cuted or maintained against The City of New York,
unless it shall appear by and as an allegation in the
complaint or necessary moving papers that at least
thirty days have elapsed since the demand, claim or
claims upon which such action or special proceed-
ing is founded were presented to the comptroller
*  *  *; and in the case of claims against said
city,  *  *  *  for damages for injuries to real and
personal property, or for the destruction thereof,
alleged to have been sustained by reason of the negli-
gence of, or by the erection or maintenance of a
nuisance by, said city,  *  *  *  no action thereon
shall be maintained against said city unless  *  *  *
notice of the intention to commence such action and
of the time when and place where the damages were

incurred or sustained, * * * shall have been filed with the comptroller of said city within six months after such cause of action shall have accrued."

The latter portion of the section, requiring the giving of the notice of intention to sue, by its express terms, applies only to claims for damages to property alleged to have been caused by negligence or by the existence of a nuisance. The complaint alleges that the defendant has committed trespass. It nowhere claims that a nuisance has been created. It is not an action for a nuisance. *Sommer* v. *New York E. R. Co.,* 60 Hun, 148; *Johnston* v. *Manhattan R. Co.,* 41 N. Y. St. Repr. 682. In an action to recover damages for trespass, this provision of the charter would not apply. That is not disputed by defendant, the claim in its brief being that the same acts alleged in the complaint also constitute the creation of a nuisance. The complaint, however, makes no such claim, and where the plaintiff has a choice of two forms of action, one of which would come within section 261 and the other not, he may elect to sue on the one not covered by the charter provision. *Harms* v. *City of New York,* 69 Misc. Rep. 315.

Furthermore this is not an action primarily to recover damages. The complaint seeks an injunction, and, as an incident merely, a recovery for the past damages. The action is essentially one in equity. Does either provision of section 261 apply to such an action?

The notice of intention to sue required by this section needs to be given only in cases to recover damages for injuries to property caused by negligence or nuisance. There is no requirement in this section that such notice must be given in an action for an injunction. While the language of that portion of the section providing that a claim must be presented refers to an action or special proceeding "for any cause

whatever," the history of this provision and its meaning are made clear by the authorities. In the section as it stood originally those words did not appear. The courts then differed in their construction of the section, as to whether it applied to actions in tort, or only to those on contract. See *Russell* v. *City of New York,* 1 Daly, 263; *Knox* v. *City of New York,* 55 Barb. 404; *Duryea* v. *City of New York,* 26 Hun, 120; *Reed* v. *City of New York,* 31 id. 311; *Harrigan* v. *City of Brooklyn,* 119 N. Y. 156; *McDonough* v. *City of New York,* 15 Misc. 593.

Immediately following the decision in the *McDonough Case* (15 Misc. Rep. 593), which held that the section did not apply to tort actions, the legislature by amendment inserted the words, " for any cause whatever." Laws of 1896, chap. 887. Since that amendment, the section has been held generally to apply to actions in tort as well as to those on contract (*Pulitzer* v. *City of New York,* 48 App. Div. 6; *Bernreither* v. *City of New York,* 123 id. 291; affd., 196 N. Y. 506; *Moren* v. *City of New York,* 163 App. Div. 561), though in one case it was said the amendment added nothing to the meaning of the section and that actions in tort were not covered by it. *Quinn* v. *City of New York,* 68 App. Div. 175.

There is nothing in the amended section to indicate an intention to make it applicable to actions seeking equitable relief. On the contrary its language shows that it relates only to money claims. The evident purpose was to enable the fiscal officer of the city to adjust and pay the claims that might be made against it without having the city involved in the trouble and expense of a law suit. *Smith* v. *City of New York,* 88 App. Div. 606. To accomplish that result, the provision was inserted requiring thirty days to elapse after the claim was filed before suit could be started.

Surrogate's Court, Bronx County, December, 1916. [Vol. 98.

It is not reasonable to suppose the legislature intended to compel a person who had been damaged by the wrongful act of the city, whose property rights had been encroached upon, to wait at least thirty days before he could ask the court to prohibit the further continuance of the trespass. Yet that is the result, if it be held that this section is applicable, for no injunction, not even a temporary one, could be obtained for at least thirty days and meanwhile the city could continue to commit such acts as it pleased, wholly unrestrained. That such a result was not intended, and that section 261 does not apply to actions such as this, seems to be the effect of the decisions. *Penfield* v. *City of New York,* 115 App. Div. 502; *Sammons* v. *City of Gloversville,* 175 N. Y. 346; *Ahrens* v. *City of Rochester,* 97 App. Div. 480; *Lamay* v. *City of Fulton,* 109 id. 424.

The defendant cites *Matter of Cox* v. *City of New York,* 26 Misc. Rep. 177, as an authority supporting its contention, but that case was expressly disapproved in *Penfield* v. *City of New York,* 115 App. Div. 502, 505. Motion for judgment denied, with ten dollars costs.

Motion denied, with costs.