## Second Department, December, 1935.

Sarah Zuroff, Respondent, *v.* Westchester Trust Company and George Egbert, as Superintendent of Banks of the State of New York, and Liquidator of the Westchester Trust Company, Appellants, and Others, Defendants.

The following is the opinion of the Special Term:

Witschief, J. This action is brought to procure a judgment rescinding a purchase by the plaintiff from the Westchester Trust Company of a certain mortgage participation certificate on the ground of fraud. The defendants Westchester Trust Company and the Superintendent of Banks move to dismiss the complaint and in the brief submitted in their behalf it is claimed that the complaint is deficient in that it fails to allege that the plaintiff's claim was duly filed as required by section 76 of the Banking Law. The provisions of the Banking Law must be read together, and so read do not apply to the claim asserted in this action. By section 72 the Superintendent of Banks is required to mail notices to all persons whose names appear as creditors upon the books of the corporation and by other sections he is required to list all claims duly presented and may reject any claim or accept it, etc. These sections of the Banking Law do not in terms refer to claims arising out of fraud or other tortious act, and justice requires that the language of the section should not be strained for the purpose of excluding the plaintiff's claim. (*Harrigan*

v. *City of Brooklyn*, 119 N. Y. 156.) It will, therefore, be held that the limitation in section 76 of the Banking Law does not apply to the plaintiff's claim. The only other point raised in the brief for the defendants is that the complaint is defective as against the defendant Superintendent of Banks, but as he is in charge of the Westchester Trust Company, in liquidation, he is a proper party defendant in this action for rescission. Motion is, therefore, denied, with ten dollars costs.