Sarah Zuroff, Respondent, v. Westchester Trust Company and George Egbert, as Superintendent of Banks of the State of New York, and Liquidator of the Westchester Trust Company, Appellants, and Others, Defendants.— On reargument, order denying motion of the appealing defendants to dismiss the complaint for insufficiency reversed on the law, with ten dollars costs and disbursements, and motion granted, without prejudice to the commencement of a new action if plaintiff be so advised. (See Matter of Westchester Trust Co. [Yonkers National Bank & Trust Co.], 246 App. Div. 546.) Hagarty, Carswell and Davis, JJ., concur; Hagarty and Carswell, JJ., being of the opinion that sections 72 and 76 of the Banking Law are applicable; Davis, J., being of the opinion that plaintiff may still have an opportunity to file a claim if she presents facts showing lack of actual notice of presentation of claims or lack of discovery of the fraud, or that the date of the discovery of the fraud did not give her opportunity to file a claim within the period fixed by statute — in which event an action may be maintained after the claim has been filed and rejected. The statute requires "all claims" to be filed, but circumstances may be shown so that the short period of limitation will be held to be unreasonable and inequitable if the plaintiff acts promptly, files a claim and shows no laches after being advised as to her rights. Lazansky, P. J., concurs for reversal, but with leave to amend the complaint, being of the opinion that if plaintiff did not know of the fraud until after the expiration of the four months' period mentioned in sections 72 and 76 of the Banking Law, then it was

not necessary for the plaintiff to file a claim. Commencement of the action, under the circumstances, was sufficient. Young, J., dissents and votes to affirm on the opinion of Mr. Justice Witschief at Special Term. [See 246 App. Div. 719; Id. 831; *ante*, p. 726.].