LOUIS RUPRECHT, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

*Demand on the city of New York, before action on a claim against it — a compliance with section 149 of the city charter is not sufficient as a demand under section 261 thereof.*

Compliance with the provisions of section 261 of the Greater New York charter, which provides, "No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against The City of New York, unless it shall appear by and as an allegation in the complaint or necessary moving

papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment," is a condition precedent to the maintenance of an action against the city of New York, and although the statute is silent as to the person from whom the notice required by said section shall emanate, such notice must emanate from the claimant or his agent.

A compliance by an official of one of the city departments with section 149 of the Greater New York charter, which requires the submission of all bills and vouchers to the department of finance, is not available to the persons rendering such bills as a compliance with the provisions of section 261 of the Greater New York charter, so as to entitle such persons, in the event of the rejection of their bills, to maintain an action against the city without following the course of procedure prescribed by section 261.

APPEAL by the plaintiff, Louis Ruprecht, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the defendant, entered on the 18th day of April, 1904, dismissing the plaintiff's complaint.

*John A. Thompson,* for the appellant.

*James D. Bell* [*John E. Walker* with him on the brief], for the respondent.

JENKS, J.:

Section 261 of the Greater New York charter (Laws of 1901, chap. 466) makes a condition precedent to this action. I think that there was no compliance therewith, and the dismissal of the complaint was right. The section reads as follows: "No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against The City of New York, unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment." The plaintiff was hired as an expert by the deputy commissioner of water supply, gas and electricity. He submitted his bills to that officer, who approved them, prepared vouchers therefor and sent them to the head of the department.

The head also approved and transmitted the bills and vouchers to the comptroller, who examined the bills and refused to pay them. The plaintiff then brought this action. His contention of compliance with section 261 of the charter depends upon these facts alone. The procedure followed by the officials was exclusively in obedience to the requirement of section 149 of the charter. And so the question is not whether an effort to observe section 261 resulted in a substantial compliance with section 261, but whether incidental to the observance of section 149 there was such compliance with section 261.

If the plaintiff is right, it is difficult to see the reason for the enactment of section 261, inasmuch as section 149 requires the submission of all bills and vouchers to the department of finance, and the transmission of a bill to the comptroller both implies that there is a demand or claim thereupon, and is a notice thereof.

The learned counsel for the appellant points out that section 261 does not prescribe that the claimant must present the claim or the demand, and insists that as the purpose of the section is notice so investigation may follow, that, therefore, the facts are sufficient to establish compliance. But I think the scheme of the statute is to afford such direct, distinct and specific notice of the claim or demand that the comptroller may be apprised thereby that if he does not act upon the claim within the prescribed period litigation may follow. There is no general requirement that the city shall pay its bills within thirty days after presentation to the comptroller. The submission of a bill to him under section 149 does not necessarily imply that legal proceedings will follow its non-payment after thirty days, or indeed at any time. Legal action or proceeding against the city implies a claimant who will attack the city. And although the statute is silent, I think it implies that a notice under it must emanate from the claimant or his agent. In the construction of a similar statute thus silent, this court in its first division took a similar view (*Missano* v. *Mayor*, 17 App. Div. 536), and although the judgment was reversed by the Court of Appeals, GRAY, J., said : " The statute neither prescribes a form of notice, nor by whom the notice shall be filed, and while its proper construction might require that the notice be given *by the party proposing to commence the action*, its provisions are not so rigid as to invalidate the notice, if actually

and seasonably received by the corporation counsel, because received by him from another official with whom it was mistakenly *filed by the parties.*" (*Missano* v. *Mayor*, 160 N. Y. 133.) This excerpt is from the dissenting opinion of the learned judge, which, however, in this respect was accepted by the court. The corporation counsel under that statute was the officer to whom notice must be given. (Laws of 1886, chap. 572, § 1.) In numerous decisions the courts have held that under varying circumstances there has been a substantial compliance with similar statutes, but I am not aware of any case where the court has approved the notice unless it originally emanated from the prospective party or his agent. Such was the fact in *Sheehy* v. *City of New York* (160 N. Y. 139); in *McMahon* v. *Mayor* (1 App. Div. 321); in *Magee* v. *City of Troy* (48 Hun, 383); in *Enair* v. *City of Brooklyn* (25 N. Y. St. Repr. 1014), and in *McDonald* v. *City of Troy* (36 id. 704). I do not think that it can be said that the plaintiff, when he presented his bill to the deputy commissioner, constituted him his agent to present his claim to the comptroller as preliminary to a law suit. And moreover, as I have said, the course of the deputy and of his chief was not taken with an eye to the provisions of section 261 of the charter at all, but merely in the usual course of the procedure prescribed by section 149 thereof.

The statute was not fulfilled by the facts that the comptroller had opportunity to examine the claim, or actually did pass upon it. It was not presented to him under section 261 as a claim which must be paid or adjusted within thirty days under penalty of litigation; but was transmitted to him by a brother official for payment under section 149, and he received it and examined it pursuant to that section. Inasmuch as such procedure was required by section 149, he had no reason to suppose that it was in compliance with section 261. While I cannot assume that prospective litigation would affect his determination on the merits, I may assume that a notice that if the claim was not passed upon in thirty days litigation would follow would cause him to act within the thirty days, and that it would thus expedite action; for the chief auditor of the city testifies that the city receives 1,000 bills a day, and it might well be that mere ordinary and yet prompt dispatch of business in examination of these bills, properly done, could not dispose of every bill within

thirty days after it was received in that department. If the contention of the plaintiff prevail, despite the protective provisions of section 261 of the charter, mere omission to pass upon any bill approved by a city official for thirty days after its transmission to the comptroller is penalized by the right of the claimant to sue forthwith.

*MacDonald* v. *City of New York* (42 App. Div. 263), cited by the appellant, is not in point. In that case the claim was presented by the claimant to the comptroller through his accredited representative, whose duty it was to transmit it to his chief, and it was held that this was a valid presentation.

I think that procedure under section 149 of the charter, by a city officer who has approved a bill presented to his department, which results in transmission of the bill to the comptroller, is not a substantial compliance with section 261 thereof. Examination of the other questions is not now required.

The judgment should be affirmed.

BARTLETT, RICH and MILLER, JJ., concurred; HOOKER, J., not voting.

Judgment of the Municipal Court affirmed, with costs.