PENFIELD v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. November 23, 1906.)

MUNICIPAL CORPORATIONS—TORTS—WATERS AND WATER COURSES—POLLUTION —INJUNCTION.

In an action against a city for turning surface drainage into a natural water course passing through plaintiff's lands, and for permitting sewage to be drained into the water course, an injunction pendente lite would not be awarded, where it appeared that the surface drainage was not overtaxing the stream, and that the city had nearly completed a sewer system, which would prevent the drainage of sewage into the water course.

Appeal from Special Term, New York County.

Action by William W. Penfield against the city of New York and others. From an order vacating a temporary injunction and denying a motion for injunction pending trial, plaintiff appeals. Affirmed.

Argued before McLAUGHLIN, INGRAHAM, HOUGHTON, CLARKE, and SCOTT, JJ.

Raphael Link, for appellant.
Richard H. Mitchell, for respondents.
Benj. F. Gording, for respondent Aldrich.

SCOTT, J. There is a portion of the borough of the Bronx, known as the "Wakefield Section," which is within the territory east of the Bronx river, which was annexed to the city of New York in 1895. This territory includes the former village of Wakefield, and which village included a street known as "Becker Avenue." At the time said territory was so annexed to the city of New York the authorities of such village were engaged in the work of laying a drain or sewer pipe through said Becker avenue, which was designed for surface water drainage only. The pipe was completely laid at the time of such annexation, with the exception of 150 feet in the middle portion thereof. The city of New York completed the laying of said sewer or drain pipe as planned and almost entirely laid by said former village authorities. The sewer or drain as planned and practically built by the village of Wakefield, and as completed by the city of New York, extends from the easterly side of White Plains Road, crosses said road, and runs about on the center line of Becker avenue, through said avenue, to about the center line of First street, a distance of about 1,270 linear feet; thence it extends northerly through First street, and about on the center line thereof, a distance of about 100 linear feet; thence it extends westerly for a distance of about 230 linear feet under the embankment of the New York, New Haven & Hartford Railroad and the New York & Harlem Railroad, and under Bronx River Place, where the discharge of the drain empties into an open ditch, which by a winding course reaches the Bronx river. Said open ditch is a natural water course, and the discharge from said sewer or drain does not overtax the capacity of said stream or natural water course, and the said drainage system exists at present as it has existed since the annexation of the territory concerned in 1895. The said drainage pipe has since such completion been used by the city of New York to drain certain

streets in the vicinity of said sewer or drain, and some 15 permitr have been issued by said such city to house owners in that neighborhood to connect their premises therewith for surface drainage only.

The plaintiff alleges that he is the owner of the premises through which the stream or ditch above referred to runs, and alleges that the city and private house owners have connected certain premises to said Becker avenue drain for sewage purposes; that by reason of such use of said sewer or drain, and the connection of street catch-basins therewith, plaintiff alleges that said stream, which was formerly a small stream of surface water, is now a large volume of dirty and filthy water, which renders the same filthy, unwholesome, and obnoxious. Plaintiff alleges that said open ditch or stream runs through his premises, and by reason of the alleged nature of said stream his premises are damaged thereby. The city denies that it is emptying anything but surface water into said Becker avenue drain, and alleges that, if any property owners are using said Becker avenue sewer for any other than surface drainage, they are doing so without the knowledge or consent of said city. The plaintiff sues for an injunction, with incidental damages, to prevent the continued use of the water course on his land; and from an order denying the motion for a preliminary injunction he now appeals.

The motion appears to have been denied in the court below because the plaintiff had failed to file the notice required by section 261 of the charter (Laws 1897, p. 92, c. 378), which provides that:

"No action or special proceeding for any cause whatever shall be prosecuted or maintained against the city of New York, unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded, were presented to the comptroller of said city for adjustment, and that he has neglected to make such adjustment or payment thereof for thirty days after such presentment. * * *"

Notwithstanding the authority relied upon by the court below (Cox v. City of New York, 26 Misc. 177, 55 N. Y. Supp. 74), we apprehend that we should find some difficulty in sustaining the order appealed from, if it rested upon no surer foundation than the section of the charter above quoted. While that section refers to any "action or special proceeding for any cause whatever," the latter portion of the section suggests that the reference is really to actions or special proceedings brought to enforce "demands or claims" capable of adjustment or payment by the comptroller, and we much doubt its applicability to a suit on the equity side of the court for relief from wrongful acts in the nature of trespass, which, day by day, cause injury and damage to the complainant. Sammons v. City of Gloversville, 175 N. Y. 346, 67 N. E. 622.

There is, however, a more satisfactory ground upon which to uphold the order. The plaintiff's grievance as stated by him is twofold. He complains that the city is permitting sewage to be drained into the water course on his land, and also that it is causing surface water to be drained therein. As to the first charge, the city presents what appears to be satisfactory denials. The second charge is admitted. But it does not appear that the city is overtaxing the water course by the

drainage of surface waters, and it seems to be the rule in this state that a municipality may, by artificial means, turn surface water drainage into natural water courses, so long as it does not overtax the latter. Hentz v. City of Mt. Vernon, 78 App. Div. 515, 79 N. Y. Supp. 774; Smith v. City of Auburn, 88 App. Div. 396, 84 N. Y. Supp. 725. It also appears that the present condition of affairs has existed ever since annexation in 1895, except that the amount of surface water drained into the water course has somewhat increased, although not yet to the extent of overtaxing it. It also appears that the city has nearly completed and will soon put into operation a sewer system with which all houses along its line will be obliged to connect, and which will effectually prevent the drainage of house sewage into the water course. Under these circumstances the plaintiff does not make out a case for the drastic remedy he seeks, pendente lite.

Order affirmed, with $10 costs and disbursements to the respondent, the city of New York. All concur.