respondents herein forthwith to turn over and deliver all books, papers and other property belonging to the petitioner, Townsend Pinkney, individually and as executor and trustee of and under the last will and testament of Cornelius S. Pinkney, deceased, and to account for and pay over all moneys withheld by said respondents from said petitioner, denied the said motion, fixed the compensation of the said respondents as attorneys for said petitioner and established a lien in favor of said respondents upon the papers and property of the petitioner individually and as executor and trustee in their hands until said compensation should be paid or security given therefor.

*Frank W. Wiswall* and *Harold E. Lippincott* for appellant.
*Walter A. Peterson* and *Robert McLeod Jackson* for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

In the Matter of the Application of DONNER-HANNA COKE CORPORATION, Respondent.

CITY OF BUFFALO, Appellant.

*Tax — Buffalo (city of) — assessment of property belonging in part to Federal government — apportionment permitted by charter.*

*Matter of Donner-Hanna Coke Corpn.*, 212 App. Div. 338, affirmed. (Argued October 9, 1925; decided October 27, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 11, 1925, which reversed an order of Special Term directing the assessors of the city of Buffalo to apportion the property assessable to the Donner-Hanna Coke Corporation so that the lands owned by it be divided from the portion owned by the United States of America and be separately assessed, and that the buildings and improvements be entered upon the assessment rolls as exempt property of the United States of America.

*Frederic C. Rupp, Corporation Counsel (Herbert A. Hickman* of counsel), for appellant.

*John Lord O'Brian* and *Ralph Ulsh* for respondent.

Order affirmed, with costs, on ground that section 119 of the charter of the city of Buffalo permits a division of the assessment.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

SELDON E. NICHOLS, Appellant, *v.* LEWIS W. EMERSON et al., as Executors of JAMES EMERSON, Deceased, Respondents.

*Partnership — action to impose liability for partnership debts upon estate of deceased limited partner — compromise by payment to trustee in bankruptcy of sum in settlement of all liability.*

*Nichols* v. *Emerson*, 210 App. Div. 281, affirmed.
(Argued October 9, 1925; decided October 27, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered September 20, 1924, unanimously affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term without a jury. The action was to impose liability upon the estate of a limited partner, deceased, for debts of the firm, it having been adjudged bankrupt, because of failure to file the certificate of limited partnership in the county where a branch of the business was conducted and the indebtedness incurred. The Appellate Division held that plaintiff's claim was compromised by the payment by defendants to the trustee in bankruptcy of an amount in settlement of the decedent's liability, such settlement having been authorized by the Federal bankruptcy court which had jurisdiction of the parties including the plaintiff.

*William T. Moore* and *Thomas F. McDermott* for appellant.

*Henry W. Williams* for respondents.