SIKORA REALTY CORPORATION, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

Second Department, December 2, 1932.

*William H. King* [*Arthur J. W. Hilly*, Corporation Counsel, and *Isaac Phillips* with him on the brief], for the appellant.

*William Gilligan*, for the respondent.

TOMPKINS, J. The plaintiff, by this action in equity, seeks a judgment for the cancellation of taxes levied by the defendant for local purposes for the years 1925, 1926 and 1927 on plaintiff's property in the borough of Queens, described on the tax rolls as lot 21, block 590, and lot 23, block 590. The taxes sought to be canceled aggregate more than $17,000.

Pursuant to section 4-b of the Tax Law (added by Laws of 1920, chap. 949, as amd. by Laws of 1921, chap. 444, and Laws of 1922, chap. 281),* known as the Emergency Housing Law, the board of aldermen of the city of New York, on March 28, 1922, adopted an ordinance which was approved by the mayor and board of estimate on March 31, 1922, exempting from taxation for local purposes new buildings planned for dwelling purposes exclusively, provided construction be commenced before April 1, 1923, and completed for occupancy within two years after such commencement. The ordinance regulates and fixes the extent of such exemptions, but neither the statute nor the ordinance provides any manner or method for the allowance of such exemptions or for the calculation or determination of the amount of such exemptions.

In the spring of 1922 plaintiff commenced the construction of two adjoining six-story brick apartment houses on land in Queens county. When said buildings were complete and ready for occupancy, in the fall of 1924, plaintiff applied to the board of taxes and assessments for the exemptions from taxation for local purposes to which it claimed to be entitled under said statute and ordinance. Its application was denied on the ground that the buildings had not been completed within two years after construction work commenced, whereupon plaintiff instituted a mandamus proceeding for the purpose of requiring the superintendent of buildings to issue certificates showing that said buildings were commenced on March 29, 1922, and completed for occupancy on or before March 29, 1924. This special proceeding resulted in a peremptory mandamus order in plaintiff's favor, which was affirmed by this court (*Matter of Sikora Realty Corp.* v. *Bales,* 222 App. Div. 837) and by the Court of Appeals in the year 1928 (248 N. Y. 592).

In compliance with the mandamus order, the superintendent of buildings issued certificates showing that the construction of said buildings began March 29, 1922, and that the buildings were completed and ready for occupancy March 29, 1924. Pending the litigation which began in 1924 and ended in 1928, the property had been fully assessed for State, county and local purposes for the years 1925, 1926 and 1927, and no exemption was allowed the plaintiff from taxes for local purposes under the said ordinance.

* Since amd. by Laws of 1923, chaps. 243, 337, and Laws of 1924, chap. 87.

The question whether the buildings were completed within two years is not involved in this appeal. That question was settled in the mandamus proceeding and was found as a matter of fact by the trial court, in this action. In fact, the allegations of the complaint that the construction of said apartment houses was commenced on March 29, 1922, and completed for occupancy on March 29, 1924, are admitted by not being denied in the answer. So that plaintiff's right to the exemptions is established. It has not received the exemptions to which it is entitled for the years 1925, 1926 and 1927.

The judgment of the Special Term, from which this appeal was taken, adjudged that said taxes constitute a cloud upon the plaintiff's title, and adjudged that they be canceled.

The findings upon which the judgment rests and the judgment itself fix the amounts of the exemptions to which plaintiff is entitled for each of the years 1925, 1926 and 1927.

The defendant claims that the plaintiff's only remedy was by certiorari and not by this action in equity, while the plaintiff contends that certiorari is not an exclusive, if a proper, remedy, and further that when the litigation in the mandamus proceeding ended in 1928, made necessary by the refusal of the city authorities to grant plaintiff's application for the exemptions, it was too late for the commencement of certiorari proceedings. In our opinion, the plaintiff's contention is sound.

Article 13 of the State Tax Law provides for certiorari proceedings to review assessments that are illegal, erroneous or unequal. The assessments of the plaintiff's property were not illegal or erroneous, nor was there any inequality or overvaluation. In making the assessments, the board of taxes and assessments followed the requirements of the statute by determining the value of the land without improvements and the value of the land with improvements upon which taxes were levied for all purposes, namely, State, county and local. The board did not have power nor was it its duty to segregate into subdivisions the value of the land with improvements for the purpose of indicating what part of the valuation should be taxed for all purposes and what part should be exempt from taxation for local purposes. The exemptions to which plaintiff was entitled related only to taxes for local purposes and involved but a matter of mathematical computation, depending upon the number of living rooms in each building. From the time the ordinance was enacted until October, 1927, such exemptions, by a ruling of the comptroller, were obtained by applying directly to the collector of assessments and arrears, and many dwelling houses were granted exemptions in that manner. In October, 1927, the

corporation counsel advised that thereafter such exemptions must be obtained by application to the board of taxes and assessments during the period when the record of assessed valuations was open to public inspection, and, if denied by the board, then by certiorari proceedings.

Plaintiff's Exhibit 3 shows that there was no space or blank on the assessment rolls of the years 1925, 1926 and 1927 for the statement of any amount to which the owner of a dwelling house might be entitled by way of exemption from taxes for local purposes. Section 892 of the Greater New York Charter requires assessors to set down a sum representing the total value of the property with improvements; it is that sum only which can be reviewed by certiorari, and the total assessment only can be reviewed. (Tax Law, § 21, subd. 3.) It is only where property, or a part of premises, is exempt from all taxes that the failure of the assessors to make such exemptions on the tax roll is reviewable by certiorari. The authorities relied upon by the appellant are all cases where the property involved, or a part of it (as in *Young Women's Christian Association* v. *City of New York*, 217 App. Div. 406), was exempt from *all taxes* and not from *local taxes* only. In the case at bar, where the property is exempt, to a certain extent, from taxes for local purposes only, and not from all taxes, it is necessary that the full assessable value of the land and improvements be fixed by the assessors, because that valuation must be used as the basis for the calculation of the other taxes, namely, State and county, as to which there is no exemption. In other words, if the assessors set down only the value of the property less the amount of the exemption, there would be no basis for levying the State and county taxes, as to which the property was not exempt. Where partial exemption relates to all taxes, it is possible for the board of assessors to handle the question of exemption by decreasing the assessed valuation of the property partially exempt; for instance, where property of a minister of the gospel has an actual value of $5,000 and is exempt from all taxes to the extent of $1,500, the board of assessors could grant the exemption by placing an assessed valuation of $3,500 on the property, and if they refused to do so, their act could be reviewed only by certiorari; but in the case before us there was no failure on the part of the assessors to do their duty, and there is no erroneous judgment reviewable by certiorari, which is the exclusive remedy when assessors having jurisdiction of the person act judicially and, in the exercise of their jurisdiction and judgment, make an assessment that is illegal or erroneous.

In *National Bank of Chemung* v. *City of Elmira* (53 N. Y. 49) the court said: " Some of the duties of assessors are judicial in their

nature, and as to these, when acting within the scope of their authority, they are protected from attack, *collaterally*, to the same extent as other judicial officers."

In the case at bar the board of assessors had jurisdiction and acted judicially in making the assessments against plaintiff's property, and hence there was nothing to review by certiorari.

In *National Bank of Chemung* v. *City of Elmira (supra)* the court, in discussing the right of a property owner to maintain an action to recover taxes unlawfully levied, said: " But having jurisdiction of the person and subject matter, if they [assessors] err in the exercise of it, they are protected." The opinion continues as follows: " *Weaver* v. *Devendorf* (3 Den. 118) will serve to show the distinction between a case where the assessors have jurisdiction and where they have not. That was an action by a minister for not allowing him the statutory exemption of $1,500. It appeared that he had more property than the amount of the exemption, and was, therefore, taxable. The assessors had jurisdiction to act, and were not liable for making the assessment too high. BEARDSLEY, J., said: ' It was, therefore, not a case in which the property of the plaintiff was totally exempt from taxation, and over which the defendants had no jurisdiction whatever, but one in which they were authorized and required by law to make an assessment of the property, even if [he] was a minister of the gospel.' The case was properly decided upon the ground that in fixing the value of property the power exercised is judicial. In *Prosser* v. *Secor* (5 Barb. 608), it was held that if it appeared that a minister of the gospel did not possess property to the amount of the exemption, the assessors had no jurisdiction of his person or his property, and could not obtain any by deciding, wrongfully, that he was not a minister, and thus confer authority on themselves. JOHNSON, J., said: ' It must be quite apparent that the assessors could not, by any determination they have power to make, subject the property of any person to taxation, which the law exempts. In determining whether they have jurisdiction or not in a given case, assessors do not act judicially.' "

In *Matter of Donner-Hanna Coke Corporation* (212 App. Div. 338) the assessor of the city of Buffalo, having refused to correct a mistake in the preparation of an annual assessment roll by which the petitioner was assessed for property that it did not own, the petitioner made application to the Supreme Court, under a provision of the charter of the city, to be relieved from error. In reversing an order of the Special Term denying the petitioner's application for relief, the Appellate Division said: " There is here no question of acquiescence or estoppel. The petitioner might and perhaps should

have sought its remedy, as it had before, by certiorari. To avail itself of that remedy it must institute proceedings within fifteen days after the tax rolls are completed and the required notice published. * * * The proceeding is statutory and technical * * * and the limitation of time often prevents its being available unless diligence is exercised. We think the remedy by certiorari is not exclusive. A remedy such as is here sought is ordinarily addressed to the discretion of the court. Control may, therefore, be had over cases arising in carelessness or failure to follow the usual method of review."

Our conclusion is that there was nothing in the assessments against the plaintiff's property to be reviewed by certiorari; that they were not illegal or erroneous, but were made in strict compliance with the statute by a board of assessors that had jurisdiction of the person and subject-matter, and that while the statute and city ordinance provide no manner or method for making the deduction from the total tax levied against the plaintiff's property to which it was entitled by reason of such exemption, such allowance was merely a matter of mathematical computation, which concededly, prior to the year 1927, was made in the comptroller's office when property owners paid their taxes. There is nothing in the statute or ordinance, nor in the State Tax Law, that empowers or directs the board of taxes and assessments to pass upon applications for such exemptions, and there is nothing in the law from which such power or duty may be inferred. The fact that the board has followed that practice since 1927 on the advice of the corporation counsel, cannot affect the plaintiff's rights respecting the taxes of 1925, 1926 and 1927.

There is another phase of the case that equity should consider.

The tenth paragraph of the complaint alleges: " In the fall of 1924 plaintiff applied to the Board of Taxes and Assessments for exemption of the said houses from taxation for local purposes, in accordance with the said statutes, and was informed that in order to obtain such exemption it would be necessary for plaintiff to procure and present from the Superintendent of Buildings, Borough of Queens, certificates showing the construction of the said houses to have been commenced and completion of construction effectuated within two years, and that without such certificates exemption could not be granted."

The defendant's answer denies each and every allegation contained in the paragraph marked " Tenth " of the complaint herein " except it admits the allegations therein contained that in the fall of 1924 plaintiff applied to the Board of Taxes and Assessments for exemption of the said houses from taxation for local purposes."

The eleventh paragraph of the complaint alleges: " The Superintendent of Buildings, Borough of Queens, claimed that the construction of said houses was commenced March 29, 1922, and that said houses were not completed for occupancy until May 1, 1924, and the Tenement House Department claimed that the houses were completed May 23, 1924." The allegations of this paragraph are admitted by the failure of the defendant's answer to deny them.

These facts, together with the undisputed fact that very soon after plaintiff's application was made to the board of taxes and assessments in the fall of 1924, it commenced mandamus proceedings against the said superintendent of buildings, and that after the issues raised by the return of the superintendent to the alternative writ of mandamus were tried and decided in plaintiff's favor, the said superintendent of buildings appealed from the peremptory mandamus order to the Appellate Division and to the Court of Appeals, indicate that the board of taxes and assessments had required of the plaintiff certificates from the superintendent of buildings showing that plaintiff was entitled to the exemptions, and that he had refused to give them, and that plaintiff was thereby forced by the city authorities to resort to a judicial proceeding to obtain the certificates which were necessary to entitle it to an allowance of the exemptions; that then, when plaintiff was finally successful, it was too late to review the assessments of 1925, 1926 and 1927 by certiorari. Besides, we think the plaintiff had a right to rely upon the practice that had been established by the comptroller and was followed during the years 1925, 1926 and 1927, of having the allowances and adjustments of such exemptions made by the collector of taxes in the comptroller's office, and that, even if certiorari were a proper remedy for a review of the assessments, its knowledge of this rule would seem to justify its failure to seek redress by certiorari.

Concededly, the plaintiff was entitled to the exemptions to the extent and in the amounts stated in the findings and judgment, and those amounts now stand on the records of the city as liens against plaintiff's premises and are a cloud on its title, which, in justice and equity, should be removed.

The judgment should be affirmed, with costs.

YOUNG, J., concurs; CARSWELL, J., concurs in result on authority of *National Bank of Chemung* v. *City of Elmira* (53 N. Y. 49, 53); *Matter of Donner-Hanna Coke Corporation* (212 App. Div. 338; affd., 241 N. Y. 530), and on the theory that this case may be deemed *sui generis*; LAZANSKY, P. J., with whom HAGARTY, J., concurs, dissents, with opinion.

LAZANSKY, P. J. (dissenting). Under the emergency tax provision, amendatory of the State Tax Law, and the city ordinance adopted pursuant thereto, it was necessary for some municipal authority to determine, among other things, the time of the commencement and the completion of the buildings and the number of rooms therein. A hearing on such matters might be necessary. That is clearly indicated by the facts in this case. In the petition to the board of taxes and assessments, submitted by plaintiff in 1924, it is stated that the buildings were not completed within the two-year period. Yet it was decided in the mandamus proceeding (See *Matter of Sikora Realty Corp.* v. *Bales,* 222 App. Div. 837; affd., 248 N. Y. 592) that they were finished within that period. The petition to the board states that in one building there were 119 rooms, and in the other, 118 rooms. In the mandamus proceedings it was found there were 122 and 123 rooms, respectively. It was the duty of the board to pass upon these facts. While there is no express provision in the Greater New York Charter requiring the board to pass upon exemptions, it has been the general practice for assessing officers to do this. The power may be readily inferred from sections 15 and 21 of the State Tax Law. The statute is not self-executing, as claimed by respondent. Of course, the board may not establish jurisdiction for itself by determining erroneously a fact essential to jurisdiction. Here, the board erred in the determination of a fact, relying undoubtedly upon the petition of plaintiff. The board had jurisdiction of the property, and error occurred, not in acquiring jurisdiction, but in the exercise of jurisdiction. The board had power to assess the property, land and buildings for State and county taxes. It had jurisdiction to assess the land and buildings for local purposes, less exemptions, by taking the full value of land and buildings and deducting therefrom the amount of exemption based upon the number of rooms, not exceeding a certain amount. This procedure to be followed by the board is not provided for in the amendatory act, but must be implied, as stated, from the State Tax Law, of which it became a part. Having jurisdiction, the determination of the board was erroneous, and not illegal. The effect of ignoring the exemption is an overvaluation. (*People ex rel. Soeurbee, Inc.,* v. *Purdy,* 179 App. Div. 748; affd., 222 N. Y. 657.) The remedy of plaintiff was by certiorari proceedings. The acts of the board herein may not be attacked collaterally. *Matter of Donner-Hanna Coke Corporation* (212 App. Div. 338; affd., 241 N. Y. 530) is not to the contrary.

Furthermore, plaintiff should not be heard to complain of the action taken by the tax board in failing to allow the exemption. In the petition submitted by plaintiff to the tax board in 1924, in

connection with assessments which were to be the basis of the 1925 taxes, facts are stated which show that the buildings were not commenced and completed within the time required by the act, which is the basis of the claim for exemption. The board rendered its determination upon the ground that the buildings were not completed within the two-year limit. Having submitted its petition upon facts which required the board to act as it did, plaintiff is in no position to demand the relief sought in this action, even though, three years later (June 12, 1928) in its proceeding against the superintendent of buildings, the fact was found that the buildings were completed within the two-year period. Undoubtedly, assessments for 1926 and 1927 were made on the same basis. In the meantime the assessment rolls for three years had been compiled and taxes levied with the value of these buildings included.

In my opinion, the unauthorized remission of taxes by the comptroller can be of no avail to plaintiff, especially since there was no proof that plaintiff was in anywise misled. The mistake of the comptroller cannot be visited, as an estoppel, upon the city.

I favor a reversal of the judgment and a dismissal of the complaint.

HAGARTY, J., concurs.

Judgment affirmed, with costs.