NAT FRIEDMAN & SON, INC., Appellant, *v.* THE CITY OF NEW YORK, Respondent.

Second Department, February 17, 1933.

*David Segal,* for the appellant.

*William H. King* [*Arthur J. W. Hilly, Corporation Counsel,* and *Isaac Phillips* with him on the brief], for the respondent.

PER CURIAM. In this action to remove a cloud on the title of certain lots, plaintiff was not required to present a claim to the comptroller under the provisions of section 261 of the charter. No equitable powers are vested in the comptroller and it would be an idle ceremony to present to him for adjustment a matter of this nature. (*Flaxman* v. *City of New York,* 98 Misc. 88; affd., 178 App. Div. 935; *Penfield* v. *City of New York,* 115 id. 502; *Ahrens* v. *City of Rochester,* 97 id. 480; *Sammons* v. *City of Gloversville,* 175 N. Y. 346.)

It is alleged that the property in question was exempt from taxation for local purposes under the provisions of section 4-b of the Tax Law, as amended, and the ordinances adopted by the city pursuant to the authority conferred by that section. The exemption was not granted by the assessing authorities. No tribunal had been set up by statute or ordinance to which the

aggrieved owner might present his grievance, although at different times certain officials assumed the duty in a somewhat desultory and inefficient way. There was no course of procedure to be followed except one that might be adapted from the general Tax Law. Had there been, very likely the plaintiff would be held to its remedy by certiorari. But in the absence of prescribed procedure, or where taxing officials act arbitrarily in disregard of statutes, the courts will find a means of giving relief to a property owner suffering from an obvious wrong. (*Nat. Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49; *Elmhurst Fire Co.* v. *City of New York*, 213 id. 87; *Strusburgh* v. *Mayor, etc., of City of N. Y.*, 87 id. 452; *Alvord* v. *City of Syracuse*, 163 id. 158; *County of Monroe* v. *City of Rochester*, 154 id. 570; *Matter of Donner-Hanna Coke Corporation*, 212 App. Div. 338; affd., 241 N. Y. 530.)

There is no claim on the part of the respondent that the plaintiff was not entitled to the exemption it seeks now to obtain. All that is said is that the plaintiff did not pursue its remedy by certiorari. There is no great merit in the claim that the city should take or withhold sums for taxes which are illegal and which do not belong to it — particularly those which by its own legislative act it has pledged itself not to exact. The taking or retention of money belonging to another is not viewed with favor by those professing ordinary standards of honesty. Sometimes by his own neglect a person may lose his right to claim exemption or to a reduction in the amount of his taxes. But in such cases the method of making claim is clearly furnished to him. (Tax Law, §§ 290–293.) Here there was no suitable machinery created for making exemption as to local taxes, though it would have been simple to provide it. By the act of the board of taxes and assessments the exemption granted by a positive statute was not allowed or noted on the assessment roll. In so acting, the board exceeded its jurisdiction. (*Elmhurst Fire Co.* v. *City of New York, supra*.) As it is, the cloud on the title arising through the failure of the taxing authorities to act as the law prescribes does not appear on the face of the tax lien, but extrinsic evidence is necessary to establish the illegality. The resulting condition could not be reviewed and corrected by certiorari for the reason that there was no legal tribunal whose action might be reviewed, and for the further reason that the acts of the board included matters partly legal and partly illegal, and to make a determination it would be necessary to resort to evidence *dehors* the record to separate those acts. Under such circumstances an aggrieved owner may seek a judicial remedy — the remedy by certiorari not being exclusive. (*Matter of Donner-Hanna Coke Corporation, supra*.)

We have held in a case involving similar facts that the action can be maintained. (*Sikora Realty Corporation* v. *City of New York*, 237 App. Div. 110.) We apply the doctrine of that case to the case here considered, and reach the conclusion that the complaint states facts sufficient to constitute a cause of action.

The order and the judgment entered thereon should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to defendant to answer within ten days upon payment of costs.

YOUNG, KAPPER, TOMPKINS and DAVIS, JJ., concur; HAGARTY, J., concurs on authority of *Sikora Realty Corporation* v. *City of New York* (237 App. Div. 110), although adhering to the views expressed in the dissenting opinion in that case.

Order and judgment reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to defendant to answer within ten days from the entry of the order herein upon payment of costs.